NOBLE *vs.* Administrator of JEWETT.

*In Error.*

The judgment of a County Court rendered upon the trial of an issue of fact, by
agreement of parties, is conclusive, and the evidence on which the issue was
found cannot be re-examined on a writ of error.

THIS was a writ of error brought to reverse a judgment render-
ed by the County Court for the County of Bennington, upon the
trial of an issue of fact, joined to the Court by agreement of parties.

*Church* for the plaintiff in error.

*Blackmer* and *Hall* for the defendant.

SKINNER, Ch. J. delivered the opinion of the Court.

The record in this case shews, that an action of debt was institu-
ted by the administrator of Erastus Jewett, deceased, for the recov-
ery of the balance found due by the Commissioners on the estate of
the deceased, from Josiah E. Noble (the plaintiff in error) upon an
adjustment of the mutual claims of the said Noble and the deceas-
ed.  Noble (the defendant below) pleads in bar, that he was not a
creditor to the estate—that he did not exhibit any claim to the Com-
missioners for allowance,—that the finding and allowance of the
claim by the Commissioners in favor of the estate, was not in offset
to any claim exhibited by him.    These facts are traversed by the
plaintiffs below, and issue, by agreement of the parties, is joined
to the Court; and, after hearing, weighing, and considering the
testimony, judgment is thereon rendered for the plaintiffs.  To this
record is appended a history of the testimony given on the trial
of the issue, and the same is sanctioned by the Judges' signature.

The Court is not called upon to decide any question arising up-
on the declaration or pleadings ; the parties admit their sufficiency.
The only question material to be decided is, Can this Court reverse
a judgment rendered by an inferior Court, upon the trial of an is-
sue of fact by the agreement of the parties ? The County Court are
obliged by the statute, if the parties agree, to perform the duties of
a Jury ; they hear the testimony of the witnesses—decide upon the
degree of credit to be given to them—weigh presumptions, &c.,
and find the issue.  The same result must follow, as if the judgment

was rendered upon the verdict of a Jury; and no other remedy *Bennington, February, 1824.* can be had, than such as might be had in that case. Nothing can be more clear, than if the Jury had found a verdict for the Noble plaintiff, and judgment had been rendered thereon, it would have *vs.* Admr. of been conclusive. No history or statement of *evidence* sanctioned Jewett. by the Court or Jury would have laid the foundation for a writ of error. The case bears no analogy to a special verdict, in which *facts* are found, and upon which the Court is to pronounce the law. Upon the *facts*, which appear in *evidence* on the trial, no writ of error will lie ; nor can the party, by stating them in a bill of exceptions, lay the foundation of a writ of error, so as to revise a decision upon a question of fact. Such statement allowed by the Court is irregular, and constitutes no part of the record. Of the law, in this case, the Court have no doubt; and it is presumed our peculiar system of trying questions of fact by the Court induced the party to prefer this writ.

The only way, in which a party can secure himself against a decision not warranted by the evidence, in this state is, by placing the issue to the Jury, and demurring to the evidence. If an issue of fact is tried by the Court, and the judgment is against the weight of evidence, the law affords no redress. If the issue is tried by the Jury, and the verdict is against the weight of evidence, the statute forbids a new trial. The judgment of the County Court, in this case, therefore, is affirmed with interest thereon as damages; and single costs only are allowed.