PHINEHAS NASH, plaintiff below, *vs.* ISAAC R. HARRINGTON, defendant below.—*IN ERROR.*

A bill of exceptions may be tendered, where the issue of fact is tried by the Court, provided the exception is taken to the opinion of the Court, upon a question of law, decided on the trial, and not to their opinion, upon the weight of evidence.

Notice from the endorsee to the endorser of non-payment, by the maker, is necessary to enable the endorsee to maintain an action against the endorser.

And due diligence must be used by the endorsee, in giving such notice—but what is due diligence, is partly a question of law, and partly a question of fact, in deciding which, the period the note has been payable before the endorsement, the insolvency of the maker, the improbability of his paying, or growing worse by delay, the relative distances of the endorser, endorsee and maker, and the facilities of communication between them, are all to be considered.

If an endorser will endeavour to avoid his promise to pay the debt, made after notice of non-payment by the maker, on the ground of deceit, through his being kept in ignorance of laches in the holder, by which, in law, he was discharged from his liability *as endorser*, the burthen of proof rests on him.

THE record, in this case, discloses the following facts : That on the 30th of January, 1824, one *Hiram Burnham* gave his note to one *Walter Cumber*, payable to him, or order, on demand, for $47,87 ; that $6 were paid to said Cumber, and endorsed upon said note. Afterwards, and before any more was paid, said Cumber endorsed said note to the defendant, *Harrington*—Harrington, on the 1st day of December, A. D. 1824, for a valuable consideration, endorsed said note to the plaintiff ; that the plaintiff demanded payment of Burnham, who refused payment, and the plaintiff gave notice to the defendant of such non-payment, and requested pay of him, &c. The plaintiff then brought his action against the defendant, as endorser, before a justice of the peace, and the action went by appeal to the County Court, and was there tried on an issue of *non assumpsit*, joined to the Court.

On trial, the plaintiff produced the note so endorsed, and offered to prove that the defendant endorsed the same to him for a valuable consideration, December 1, 1824 ; that said Burnham was at that time notoriously insolvent ; that the plaintiff called at the house of said Burnham, (without saying when) but did not find him until the fifth day of said December, when the note was presented to Burnham for payment, but was not paid ; that notice of non-payment was given to the defendant, Harrington, on the seventh day of said December, and payment requested of him at the same time ; that Harrington acknowledged his liability to pay said note, and promised so to do ; and that the situation of Burnham remains unaltered. To this evidence the defendant objected, on the ground of its being irrelevant ; and the Court excluded the same. A bill of exceptions was allowed, in which this offer, objection, and decision appear. The defendant recovered his cost, and *Nash*, the original plaintiff, has brought this writ of error to this Court, to reverse that judgment.

Plea---*In nullo est erratum.*

*Pomroy*, for the plaintiff in error. The law merchant is not adopted in Vermont, and therefore, the Court are left to adopt

such rules on this subject, as are consistent with the principles of justice, and the condition and best interest of the people of Vermont.—*N. Chip. on neg. of notes, subjoined to his reports,* p. 205, 7.—1 *D. Chip. Rep.* 436.

The plaintiff contends, that reasonable diligence was used, particularly, when it is considered that Burnham, the maker, was a bankrupt at the time of the endorsement, and so continued.

But whether we are to be governed by the rules of the law merchant, or not, the *subsequent promise to pay* is a waiver of want of due diligence.—5 *Johns. Rep.* 248.—12 *Mass.* 5 2.—2 *D. East,* 713.—2 *East,* 468.—13 *Mass. Rep.* 131, *Field* vs. *Nickerson.*

*Brayton, contra.* A new trial ought not to be granted.

1. Because no motion can be sustained, where the trial of the issue of fact was by the Court. For the purpose of trying an issue of fact, the Court is not a legal tribunal. Either party may refuse to submit his case to their decision. In order to give them power to try the issue, a submission is necessary; this is the only distinction between Courts, whose powers are derived from the law, and arbitrators, whose powers are conferred by the submission of the parties. In the present case, the Judges were arbitrators, and their decision an award.—*Noble* vs. *Administrator of Jewett,* 2 *D. Chip. Rep.* 36.

2. The decision of the County Court was correct, because the plaintiff did not offer to prove any such diligence as would charge the endorser. The plaintiff claimed to recover on a contract created by the law merchant. The same law merchant which makes the endorser liable, also prescribes the condition on which he is liable. An endorser is not a warrantor. A blank endorsement could not be filled up by a contract of warranty, but the contract made by the endorsement must be left to have its operation, according to the custom of merchants. Notorious insolvency does not require the want of due diligence. In this case the maker, endorser, and endorsee all lived in the village of Burlington. (Such was the fact, and nothing appears to the contrary in the case.) Demand and notice ought to have been made and given the same day of the endorsement, or the next at farthest. [Here he read from several pages in *Chitty on Bills.*]

The evidence of Harrington's promise to pay ought not to have been admitted. ' The promise of the endorser has no effect, other than as a waiver of the *laches* of the holder—hence, in order to avail himself of such promise, the evidence must shew that the endorser knew he was discharged by *laches,* or, at least, had knowledge of the fact of *laches,* at the time of the promise. No such evidence was offered.—*Crain* vs. *Colwell,* 8 *Johns. Rep.* 384. *Duryee* vs. *Denison,* 5 *Johns. Rep.* 248. *Weldon et al.* vs. *Buck et al.* 4 *Johns. Rep.* 144. *Agar* vs. *McManus,* 11 *Johns. Rep.* 187. *Griffin* vs. *Goff,* 12 *Johns. Rep.* 423. *Trimble* vs. *Thorn,* 16 *Johns. Rep.* 152.

It does not appear by the case, that the plaintiff made any at-tempt to demand payment before the 5th day.　If he may keep the note 5 days, how long may he not keep it?

Chittenden,
December,
1825.

Nash
*vs.*
Harrington.

SKINNER, Ch. J.　These instruments are not, in this state, in the strict sense of the terms, negotiable instruments.　It has not been decided, that the rules of the law merchant are not the best rules.　The only point decided is, that their consider-ation may be impeached.

*Thompson*, for the defendant in error, contended that the plaintiff was bound to give that reasonable notice, and use that due diligence, which is required by the rules of the law mer-chant—that *that* code, being a part of the common law, is adopt-ed by statute here, so far as it relates to the modes of transact- Stat. 57. ing business, and punctuality in it.

As to the waiver of notice, by the subsequent promise, noth-ing, he said, can be taken as proved, which is not stated in the case.　And it does not appear, that the defendant was informed *when* the demand was made.　If facts exist, and they are told to the endorser truly, which would, in law, discharge him, and he, with this knowledge, promises, it is a waiver, but not otherwise.

*Adams*, in reply, denied the assumption, that the law mer-chant was adopted here, by the statute adopting the common law.

He argued, that Harrington could exact of Nash no greater diligence, than though he had given him *an order* on the first endorser; that, in determining what is due diligence here, ref-erence is to be had to our situation, our habits, and our modes of doing business; and that, therefore, the evidence offered, ought to have been permitted to have gone to the jury.

HUTCHINSON, J. delivered the opinion of the Court.

The defendant contended, on the hearing, that the issue of fact being joined to, and tried by the Court, they were, in effect, arbitrators, and the losing party is thereby precluded from his remedy, by bill of exceptions, and writ of error—and he cites 2 D. Chip. Rep. 36, *Noble* vs. *Admr. of Jewett*.　That author-ity has no application to this case.　That was a writ of error, (*sui gneris*) calling upon the Supreme Court, to decide over again, the question decided by the County Court, upon the weight of evidence.　There was no law question whatever, to be revised, but what should arise upon deciding, one way or the other, upon the weight of evidence.　The present case presents a law question, as perfectly insulated from all questions of fact, as if the facts had been found by the jury.　The Court meets with no difficulty in disposing of this question, so as to proceed, and consider *the* merits of the case.

The principal question is, ought the County Court to have admitted the evidence, so offered by the plaintiff, which they excluded?　We think it ought to have been admitted; what is due, or reasonable diligence, is partly a question of fact, partly of law.　It appears that the note in question, was dated January-

6

Chittenden,
December,
1825.

Nash
vs.
Harrington.

30, 1824, and payable on demand, and had laid, without payment, (except six dollars endorsed,) until December 1, of the same year, when it was endorsed to the plaintiff; Burnham, the signer, being, at the same time, notoriously insolvent. Now, it would not seem reasonable, to apply to this case, that law merchant, which is made to apply to notes given by good responsible men, and negotiated before they become payable. It would not be reasonable to require the same urgent speed in demanding payment, and giving notice back. In this case, the demand of payment is but technical formality, to preserve the plaintiff's cause of action, against the endorser. The demand could be of no other service, in common probability, for the signer was notoriously insolvent; such being his situation, there was no danger of his growing worse. In the case of a good signer, it is expected a demand will produce payment. If it does not, the endorser must know it, so as to pursue the maker, if he choose, and run no risk of his becoming less able to pay.

It does not appear, in this case, on what day plaintiff called for Burnham, without finding him; but he found him the 5th of December, demanded payment, without effect—gave notice to defendant the seventh. The Court are not fully prepared to say whether this was, or was not, reasonable diligence. The case does not describe the relative distance of the parties; the plaintiff and defendant are described as living in Burlington, but whether near neighbours, or in remote parts of the town, does not appear; neither does it appear, whether Burnham lives in Burlington, or elsewhere, nor at what distance. The case is, therefore, too uncertain, to be ultimately decided upon this point. But another view is attended with less difficulty.

The case states, that, when notice of non-payment was given to the defendant, he acknowledged his liability to pay the note, and promised to pay it. This promise must be *prima facie* binding; but defendant urges, that it is not binding, unless he, at the time of the promise, knew of the laches, which operated to discharge him. It is true such a promise, made in total ignorance of a defence, which existed, would not bind—but nothing appears, but that the defendant knew every circumstance; and, if he would exonerate himself from his promise, on this ground, the burden of proof rests on him. For, he could not be ignorant of the time when notice was given him, of the non-payment. The Court consider, that the evidence of the defendant's promise to pay, ought to have been admitted. As the Court will send this cause down, to be tried again, that the parties may have advantage of the whole views of the Court, in preparing for another trial, we add, that the long period the note had been payable before the endorsement to the plaintiff, the insolvency of the maker, the improbability of his making payment, on demand, or of his growing worse by delay, the relative distance of plaintiff, defendant, and Burnham, and the ease, or difficulty of communication between them ; whether the plaintiff could make demand, or give notice in the way of his usual

business, or must go, or send on purpose, are all matters proper to be considered in deciding the question of reasonable diligence.

The judgment of the Court is, that the County Court erred, in excluding the evidence offered: that their judgment be reversed, and the cause sent to the County Court for a new trial.

*John N. Pomroy* and *Charles Adams*, for the plaintiff.

*Wm. Brayton* and *J. C. Thompson*, for the defendant.